UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE No.: 13-CV-4390 (RJD)(RML)
----------------------------------------------------------------

TONY FUNG-A-LING &
JACOB THOMAS

                Plaintiff(s),          AMENDED COMPLAINT

       -against-                    PLAINTIFF(S) DEMAND
                                                                                                         TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. JON GLADSTONE (SH. NO. 5165),
LT. TOMMY KORAKIS,
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

                Defendant(s)

----------------------------------------------------------------

      Plaintiff(s), TONY FUNG-A-LING & JACOB THOMAS, by their attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff(s) under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff(s) by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42

       U.S.C. § 1983, § 1988  [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff(s), as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff(s).

## JURISDICTION

3.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff(s) by the Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4.    All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff(s)' federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff(s)' claims under applicable State and City laws.

5.    As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff(s) TONY FUNG-A-LING resides in New York and is a resident of the State of New York.

7. Plaintiff(s) JACOB THOMAS resides in New York and is a resident of the State of New York.

8. P.O. JON GLADSTONE (SH. NO. 5165) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

9. LT. TOMMY KORAKIS at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

10. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

11. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City and supervising officers are vicariously liable for the defendant officers' acts as described below.

12. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13. On July 31, 1012 at approximately 6 am plaintiffs TONY FUNG-A-LING and JACOB THOMAS were sleeping in their home located at 720 Kingsborough 7th Walk #2C Brooklyn, NY 11233.

14. At the above time and place numerous NYPD officers kicked in the door of the premises allegedly executing a search warrant.

15. Upon NYPD's entry they immediately began to beat TONY FUNG-A-LING and JACOB THOMAS in their sleep.  Upon information and belief two of the officers involved in this conduct were P.O. JON GLADSTONE (SH. NO. 5165) and LT. TOMMY KORAKIS.

16. TONY FUNG-A-LING and JACOB THOMAS were both beat about their faces and bodies. Upon information and belief two of the officers involved in this conduct were P.O. JON GLADSTONE (SH. NO. 5165) and LT. TOMMY KORAKIS.

17. TONY FUNG-A-LING suffered a closed head injury which caused loss of consciousness, chest wall contusion, facial contusions, and multiple abrasions from this assault.

18. JACOB THOMAS suffered a closed head injury, chest wall contusion, right forehead and ear contusion, knee sprain and multiple abrasions from this assault.

19. TONY FUNG-A-LING and JACOB THOMAS were then arrested for unknown reasons.

20. TONY FUNG-A-LING and JACOB THOMAS were then released from custody sometime the following day on their own recognizance.

21. Subsequently TONY FUNG-A-LING and JACOB THOMAS received ACDs terminating all charges against them.

22. At no time did plaintiff(s) commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

23. As a direct and proximate result of defendants' actions, plaintiff(s) suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be

permanent. Plaintiff(s) has sought treatment for these injuries.

24. The unlawful arrest of plaintiff(s), plaintiff(s)'s wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

25. As a direct and proximate result of defendants' actions, plaintiff(s) suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

26. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff(s) has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

27. As a direct and proximate result of defendant's actions, plaintiff(s) was arrested, detained without just or probable cause.

28. As a direct and proximate result of defendants' actions, plaintiff(s) was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

29. The actions of defendants, acting under color of State law, deprived plaintiff(s) of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

30. By these actions, defendants have deprived plaintiff(s) of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

31. TONY FUNG-A-LING filed a Notice of Claim on August 14, 2012. (Claim No. 2012PI023281).

32. JACOB THOMAS filed a Notice of Claim on August 14, 2012. (Claim No. 2012PI023282).

33. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983-against all Defendants.

34. Plaintiff(s) hereby restates all paragraphs above of this complaint, as though fully set forth below.

35. By detaining and imprisoning plaintiff(s), without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff(s) of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

36. In addition, the Defendants conspired among themselves to deprive plaintiff(s) of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37. The Defendant acted under pretense and color of state law and in their individual and

official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff(s) of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

38. As a direct and proximate cause of the acts of the defendants, plaintiff(s) suffered the following injuries and damages:

   A. An arrest not based upon probable cause;

   B. Unwarranted and malicious criminal prosecution;

   C. Deprivation of liberty without due process of law;

   D. Excessive force imposed upon him;

   E. Summary punishment imposed upon him;

   F. Denied equal protection under the law; and

   G. Denial of medical services.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff(s) sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:
### Failure To Intervene - Fourth Amendment - 42 U.S.C. S 1983

40. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

41. The officer defendants were present for the above-described incident and witnessed other

defendants actions.

42. The officer defendants' use of force against plaintiff(s)s was unjustified under the circumstances yet the officer defendants failed to take any action or make any effort to intervene, halt or protect plaintiff(s)s from being subjected to their actions by other officer defendants.

43. The officer defendants' violations of plaintiff(s)s' constitutional rights by failing to intervene in other defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

### AS A THIRD CAUSE OF ACTION:
### New York State Constitution, Art. 1 Section 12 against all Defendants

44. Plaintiff(s) hereby restates all paragraphs of this complaint, as though fully set forth below.

45. By detaining and imprisoning plaintiff(s) without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff(s) of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

46. In addition, the Defendant Officers conspired among themselves to deprive plaintiff(s) of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

47. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants

acted willfully, knowingly, and with the specific intent to deprive the Plaintiff(s) of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

48. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff(s)'s deprivation of his state constitutional rights.  Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondeat superior.</u>

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff(s) sustained the damages herein-before alleged.

## AS A FORTH CAUSE OF ACTION:
### Assault and Battery--all Defendants

50. Plaintiff(s) hereby restates all paragraphs of this complaint, as though fully set forth below.

51. In physically assaulting, handcuffing, threatening, intimidating plaintiff(s), the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff(s).

52. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff(s) sustained the damages hereinbefore stated.

## AS A FIFTH CAUSE OF ACTION:
### False Arrest and False Imprisonment--all Defendants

53. Plaintiff(s) hereby restates all paragraphs of this complaint, as though fully set forth below

54. The Defendants wrongfully and illegally detained, and imprisoned the Plaintiff(s).

55. The wrongful arrest and imprisonment of the Plaintiff(s) was carried out without a valid warrant, without Plaintiff(s)'s consent, and without probable cause or reasonable

suspicion.

56. At all relevant times, the Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiff(s).

57. During this period, the Plaintiff(s) was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

58. Throughout this period, the Plaintiff(s) was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

59. All of the foregoing occurred without any fault or provocation on the part of the Plaintiff(s).

60. Defendants, their officers, agents, servants, and employees were responsible for plaintiff(s)'s detention and imprisonment during this period of time.  Defendants, as employer, are responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

61. The Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff(s)'s rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff(s).

62. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff(s) sustained the damages herein-before stated.

## AS FOR A SIXTH CAUSE OF ACTION:
### Intentional Infliction of Emotional Distress-all Defendants

63. The Plaintiff(s) hereby restates all paragraphs of this complaint, as though fully set forth below.

64. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff(s).

65. Plaintiff(s)'s emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

66. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff(s) at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondeat superior.

67. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff(s) sustained the damages herein-before stated.

## AS A SEVENTH CAUSE OF ACTION:
**Negligent and Retention of Employment Services-against all Defendants.**

68. Plaintiff(s) hereby restates all paragraphs of this Complaint, as though fully set forth below.

69. Upon information and belief, defendants, owed a duty of care to plaintiff(s) to prevent the physical and mental abuse sustained by plaintiff(s).

70. Upon information and belief, defendants owed a duty of care to plaintiff(s) because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff(s) or to those in a like situation would probably result from this conduct.

71. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

72. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff(s)'s injuries.

73. Upon information and belief, because of the defendant's negligent hiring and retention of

the aforementioned Defendants, Plaintiff(s) incurred significant and lasting injuries.

## AS A EIGHTH CAUSE OF ACTION:
### Negligence against all Defendants

74. Plaintiff(s) repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

75. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiff(s)s suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

76. That by reason of the said negligence, plaintiff(s) suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and are still forced to expend sums of money on medical treatment; that she was deprived of his pursuits and interests and verily believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

77. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A NINTH CAUSE OF ACTION:
### *Monell* claim[1]

78. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

---

[1] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

79. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

**WHEREFORE,** plaintiff(s) respectfully requests judgment against the Defendants as follows:

I. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

III. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

IV. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

V. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

Case 1:13-cv-04390-RJD-RML   Document 8   Filed 01/17/14   Page 14 of 14 PageID #: 53

VI. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

VII. On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

VIII. On the Eighth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

IX. On the Ninth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

X. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

1/17/2014
Brooklyn, New York

Respectfully Submitted

/s/
By:  Paul Hale, Esq
26 Court St. Ste 913
Brooklyn, NY 11242
(718) 554-7344